UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ABDULKAN ABDI ALI,

  Plaintiff,

v.

JIM KAMIN,

  Defendant.

Civil No. 09-2803 (JNE/FLN)

**REPORT AND RECOMMENDATION**

  Plaintiff, a prisoner at the Minnesota Correctional Facility at Stillwater, Minnesota, commenced this action by filing a pleading entitled "Complaint For Violation Of Civil Rights Under 42 U.S.C. 1983." (Docket No. 1.) Plaintiff did not pay the $350 filing fee required for this action, (see 28 U.S.C. § 1914(a)), but instead filed an application for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) By order dated October 13, 2009, (Docket No. 3), Plaintiff was advised that his IFP application would not be addressed, and his case would not go forward, until after he paid an initial partial filing fee of $10.17, as required by 28 U.S.C. § 1915(b)(1).

  Plaintiff recently paid his initial partial filing fee, (Docket No. 4), and the matter is now before this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court finds that Plaintiff's complaint fails to state a cause of action on which relief can be granted. The Court will therefore recommend that this action be summarily dismissed.

**I. BACKGROUND**

  Plaintiff alleges that in December 2005, he retained an attorney named Boris Parker to help him with his application for naturalization. Plaintiff allegedly paid Attorney Parker

a $1300.00 retainer. Two weeks after Plaintiff retained Parker, felony charges were filed against Plaintiff in the state district court for Hennepin County, Minnesota.[1] Attorney Parker indicated that he would be willing to represent Plaintiff in his criminal case, but when Parker asked for an additional $10,000.00 retainer, Plaintiff said he did not have that much money. Parker then "withdrew" from the criminal case, and a public defender was appointed to serve as Petitioner's defense counsel. (Complaint, [Docket No. 1], p. 4.)

According to Plaintiff's complaint, the trial judge in his state criminal case ordered Attorney Parker to "hand over $1,000 of the $1,300... retainer fee to the Public Defender's Office." (Complaint, p. 4.) Attorney Parker apparently complied with that order, and remitted $1000.00 to the Public Defender's Office.

Plaintiff contends that it was "improper" for the judge to order Attorney Parker to pay the $1000.00 to the Public Defender's Office, and it was "improper" for Attorney Parker to comply with that order. Plaintiff objected to the judge's order, and tried to recover the $1000.00 payment during the course of his criminal case, but his efforts were unavailing. (Complaint, p. 5.)

Plaintiff is now attempting to sue Defendant Jim Kamin, who apparently is a Hennepin County public defender.[2] Plaintiff alleges that he tried to "retrieve" the $1000.00

---

[1] Plaintiff was later convicted of first degree assault. He was sentenced to 74 months in prison, and he is serving that sentence at this time. Petitioner's conviction and sentence were affirmed on direct appeal. See State v. Ali, 752 N.W.2d 98 (Minn.App. 2008), rev. denied, May 27, 2009. Plaintiff is currently challenging his conviction in a federal habeas corpus case that is pending in this District – Ali v. State of Minnesota, Civil No. 09-1389 (JNE/FLN).

[2] Plaintiff's complaint identifies Defendant Kamin as "First Assistant Hennepin County Attorney Hennepin Count Public Defender Office." (Complaint, p. 3.) However, it is clear from the context of the complaint that Defendant Kamin is being sued as a public

2

payment made to the Public Defender's Office pursuant to the state court judge's order, but Defendant Kamin "refused" that request. (Complaint, p. 4.)

Plaintiff is seeking relief under 42 U.S.C. § 1983, claiming that his constitutional rights were violated, because he was deprived of the $1000.00 payment at issue in this case without due process. He also claims that he deprived of his right to counsel, because he was forced to pay $1000.00 for his criminal defense.

Plaintiff is seeking to recover the $1000.00 allegedly paid to the Public Defender's Office pursuant to the state court judge's order. Although there are no allegations suggesting that Plaintiff has suffered any financial harm, or any other injury, (besides the alleged loss of the $1000.00 payment), he is also seeking "compensatory damages of $60,000.00."

## II. DISCUSSION

Plaintiff did not pay the $350.00 filing fee for this action, but instead applied for IFP status. Because Plaintiff is an IFP applicant, his complaint is subject to sua sponte review, and if the Court finds that the complaint fails to state a cause of action on which relief can be granted, the case will be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii) ("[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that... the action or appeal... fails to state a claim on which relief may be granted"). See also Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) ("a district court may dismiss an action filed in forma pauperis 'at any time' if the

---

defender. (See Complaint, p. 8.) A website maintained by the State of Minnesota Board of Public Defense, (www.pubdef.state.mn.us/), identifies Defendant Kamin as the "Acting Chief Public Defender" for Hennepin County.

3

court determines that the action fails to state a claim on which relief may be granted").

Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980).

To state an actionable civil rights claim under 42 U.S.C. § 1983, as Plaintiff is attempting to do here, a complainant must allege a set of historical facts, which, if proven true, would demonstrate that the named defendant(s) violated the complainant's federal constitutional rights while acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Furthermore, "[l]iability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution. Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); Speed v. Ramsey County, 954 F.Supp. 1392, 1397 (D.Minn. 1997) (same). In other words, civil rights claimants must plead facts showing the defendant's personal involvement in alleged constitutional wrongdoing. Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999). See also Beck v. LaFleur, 257 F.3d 764, 766 (8th Cir. 2001) (upholding summary dismissal of civil rights claims, because plaintiff's complaint "failed to allege sufficient personal involvement by any of defendants to support such a claim"). Thus, in order to state an actionable § 1983 claim, a complaint must set forth specific factual allegations showing what each named defendant allegedly did, or failed to do, while acting under color of state law, which purportedly violated the plaintiff's federal constitutional rights.

Plaintiff's current complaint fails to state an actionable § 1983 claim, because it suffers from at least three elemental flaws, each of which, by itself, is fatal.

4

First, "[o]nly state actors can be held liable under Section 1983." Youngblood v. Hy-Vee Food Stores, Inc., 266 F.3d 851, 855 (8th Cir. 2001), cert. denied, 535 U.S. 1017 (2002). Here, the named Defendant, Jim Kamin, is being sued in his capacity as a public defender, and it is well settled that public defenders are not considered to be state actors for § 1983 purposes. Polk County v. Dodson, 454 U.S. 312, 318 (1981). See also Holbird v. Armstrong-Wright, 949 F.2d 1019, 1020 (8th Cir. 1991) ("[t]he conduct of counsel, either retained or appointed, in representing clients, does not constitute action under color of state law for purposes of section 1983 violations"). Because the sole named Defendant in this case is not a state actor, Plaintiff has failed to plead an actionable § 1983 claim.

Second, even if Defendant Kamin were a state actor, Plaintiff's complaint still would be inadequate, because there are no allegations suggesting that Defendant was personally responsible for the alleged deprivation of Plaintiff's property – i.e., the $1000.00 allegedly paid to the Public Defender's Office. Plaintiff has not alleged that Defendant Kamin sought an order pertaining to the $1000.00 payment,[3] or that Kamin personally benefitted from the $1000.00 payment. Indeed, it appears that Kamin could have been held in contempt of court if he had tried to resist the alleged order regarding the $1000.00 payment. Simply put, there are no allegations suggesting that Defendant Kamin personally did anything wrong.

Finally, the allegations in Plaintiff's complaint do not show that his federal constitutional rights were violated. Plaintiff claims that he was deprived of property without due process, but the allegations in his complaint belie that claim. The complaint shows that

---

[3] In fact, Plaintiff has expressly alleged that the Public Defender's Office did not request the $1000.00 payment. (Complaint, p. 6.)

5

the $1000.00 payment at issue in this case was made <u>pursuant to a state court order</u>. The complaint also shows that Plaintiff appeared before the state court, and had an opportunity to present his opposition to the $1000.00 payment. Thus, Plaintiff <u>was</u> afforded due process, by means of the Minnesota state court proceedings. Plaintiff obviously believes the order entered by the state court was erroneous and improper, but the state court proceedings did provide him due process. Because Plaintiff has not shown any violation of his right to due process, he has failed to plead an actionable § 1983 claim.[4]

## III. CONCLUSION

For the reasons discussed above, the Court finds that Plaintiff's complaint fails to state a cause of action on which relief can be granted. The Court will therefore recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Notwithstanding the dismissal of this action, Plaintiff will remain liable for the unpaid balance of the $350 filing fee.[5] To date, he has paid only $10.17, so he still owes $339.83.

---

[4] Plaintiff also seems to be claiming that he was denied his Sixth Amendment right to counsel because of the alleged $1000.00 payment to the Public Defender's Office. The allegations in the complaint do not support any such claim.

[5] Under the Prison Litigation Reform Act, ("PLRA"), prisoners may be excused from <u>pre</u>-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. <u>Ashley v. Dilworth</u>, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. <u>See</u> <u>In re Tyler</u>, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

Prison officials will have to deduct that amount from Plaintiff's institutional trust account, and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2). Finally, the Court will recommend that the dismissal of this action count as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

**IV. RECOMMENDATION**

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be **DENIED**;

2. This action be **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii);

3. Plaintiff be required to pay the unpaid balance of the Court filing fee, namely $339.83, in accordance with 28 U.S.C. § 1915(b)(2); and

4. For purposes of 28 U.S.C. § 1915(g), this action be dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted."

Dated: November 9, 2009

s/ *Franklin L. Noel*
FRANKLIN L. NOEL
United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **November 25, 2009**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.